MICHAEL C. McCRACKEN, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
McCracken v. Commissioner
Docket No. 1773-90
United States Tax Court
T.C. Memo 1992-33; 1992 Tax Ct. Memo LEXIS 29; 63 T.C.M. (CCH) 1827; T.C.M. (RIA) 92033; January 14, 1992, Filed *29 Decision will be entered for respondent for the deficiency and for petitioner for the additions to tax. Ford P. Mitchell, for petitioner. Amy Dyar Seals, for respondent. COUVILLION, Special Trial Judge. COUVILLION
MEMORANDUM OPINION This case was heard pursuant to section 7443A(b)(3) [1] and Rules 180, 181, and 182. Respondent determined a deficiency in petitioner's Federal income tax for 1987 in the amount of $ 5,218 and additions to tax under section 6653(a)(1)(A) and (B) in the amounts of $ 260.90 and 50 percent of the interest due on the deficiency, respectively. The additions to tax were conceded in respondent's brief, leaving one issue for decision: whether petitioner is entitled to deductions for expenses incurred while "away from home" within the meaning of section 162(a)(2). Some of the facts were stipulated and *30 are so found. Petitioner resided at Crossville, Tennessee, when the petition was filed. During 1987, petitioner was employed by Garrett & West, Inc., a telephone installation contractor located approximately 60 miles from Knoxville, Tennessee. That location, however, is not material to the issue in this case. During 1987, petitioner worked for Garrett & West, Inc., installing telephone systems in Michigan and Texas, receiving a per diem amount for expenses as follows: Michigan
98 days X $ 45 per day
=
$  4,410
Texas
245 days X $ 56 per day
=
13,720
Total
=
$ 18,130
This amount was reported by Garrett & West, Inc., on Form 1099-Misc., and petitioner reported this amount as business income on Schedule C of his 1987 Federal income tax return. He deducted, however, $ 17,170 consisting of $ 13,328 for travel expenses and $ 3,842 representing 80 percent of his expenses for meals. The resulting $ 960 profit was reported as Schedule C income. Additionally, petitioner reported wages from his employment with Garrett & West, Inc., in the amount of $ 21,902. Respondent disallowed the Schedule C $ 17,170 travel and meal expenses on the ground that petitioner did not *31 maintain a permanent residence at any location and, therefore, was not away from home when the expenses were incurred. Petitioner was born in Crossville, Tennessee, and has a brother and sister who live in the same county in which Crossville is located. Petitioner is not married and has no children. Petitioner's mother, who was 77 years of age in 1987, owns a house on 50 acres near Crossville, where she has lived throughout petitioner's lifetime. Petitioner's father, who was deceased in 1987, raised cattle and hogs on the land prior to his death, but the land was not being farmed in 1987. Petitioner has never established a permanent home apart from his mother's home. In 1987, as in previous years, petitioner maintained a bank account in Crossville, was registered to vote there, and registered his automobile there. Petitioner owns two vacant lots in residential areas outside Crossville, which he acquired in 1980 for investment purposes but with the idea that he might build a home on one of the properties at some point in the future. Petitioner had no mortgage on the lots in 1987, and the properties required no maintenance. Petitioner paid local property taxes on the lots in *32 1987. Between his assignments for Garrett & West, Inc., during 1987, petitioner stayed with his mother in her home. He traveled to Crossville approximately once per month during that year, staying a few days each time. There were at least 22 days in 1987 when petitioner was not working that he spent in or traveled to Crossville. Petitioner testified that he bought some items for his mother's house but could not recall any details of such purchases. Petitioner introduced into evidence three checks which he wrote to a local pharmacy to pay for his mother's prescriptions, and a check in the amount of $ 25.88 to the Middle Town Utility District which was for payment of his mother's gas bill. Additionally, petitioner presented checks to his mother totaling $ 300 which he described as "for her personal benefit", and copies of checks totaling $ 667.50 payable to a local gas station and a convenience store in Crossville, which petitioner described as being for cash. Petitioner used some of the cash for his own purposes while in Crossville and gave a portion of it to his mother. He estimated the total expenditures on behalf of his mother in 1987 were $ 3,000. Petitioner's mother received *33 $ 330 per month from Social Security. Petitioner was not aware of any money received by his money in 1987 other than her Social Security benefits and the funds he provided, although he acknowledged she could have received financial assistance from his siblings without his knowledge. Petitioner paid no mortgage or tax payments on his mother's property. Respondent contends that petitioner had no tax home in 1987, arguing that petitioner incurred no duplication of living expenses and has not shown that he had any business ties to Crossville. Section 162(a)(2) allows deductions for traveling expenses, including amounts expended for meals and lodging, if the expenses are (1) ordinary and necessary, (2) incurred while "away from home", and (3) incurred in pursuit of a trade or business. . Respondent does not argue that petitioner has failed to satisfy the first and third tests. The issue is whether petitioner was "away from home" when he incurred the expenses. More specifically, the question is whether petitioner had a home from which he could be away. As a general rule, a taxpayer's principal place of employment *34 is his "tax home". . An employee without a principal place of business may treat a permanent place of residence at which he incurs substantial continuing living expenses as his tax home. . Where the taxpayer has neither a principal place of business nor a permanent residence, he has no tax home from which he can be away. His home is wherever he happens to be. , affg. ; ; . While the subjective intent of the taxpayer is to be considered in determining whether he has a tax home, for purposes of section 162(a)(2), this Court and others consistently have held that objective financial criteria bear a closer relationship than the underlying purpose of the deduction. The section is intended to mitigate the burden of the taxpayer who, because of the travel requirements of his trade or business, *35 must maintain two places of abode and, therefore, incur additional living expenses. ; Section 162(a)(2) provides such relief for a taxpayer who incurs "substantial continuing expenses" of a home which are duplicated by business travel away from home on a temporary basis by allowing a deduction for the expenses of such travel. A taxpayer has a "home" for this purpose when it appears he has incurred substantial continued living expenses at a permanent place of residence. . Whether petitioner had a tax home is a factual question, and the burden of proof is on petitioner. Rule 142(a). Petitioner offered no evidence that Crossville was his principal place of employment; to the contrary, the fact that petitioner spent a total of 343 days working in other states in 1987 establishes that Crossville was not his principal place of employment. Petitioner maintains that Crossville was his tax home in 1987 because he has lived there since birth and has strong family ties to the area. He further argues that his contribution *36 of $ 3,000 for his mother's welfare and upkeep on her home constitutes a substantial duplication of the living expenses he incurred while working in other States. Lastly, petitioner contends that he has a family and moral obligation to help his mother maintain the family home. Petitioner testified he did not regard the money he gave to his mother as payment of rent for sharing her home during the brief periods he was in Crossville in 1987. Petitioner offered no evidence that his mother used all or part of the money he provided to her for payment of expenses of maintaining the home rather than for her own purposes. Petitioner's testimony concerning expenditures he made was vague at best. Although he stated he paid cash for "things for the home", he could not recall any items purchased and had no record of any repair or maintenance costs he paid. Petitioner paid no taxes or mortgage payments on his mother's property, and there is no evidence, other than one $ 25.88 check for a gas bill, that petitioner paid utility, telephone, or other expenses associated with the household. There was no evidence of any agreement between petitioner and his mother by which petitioner was obligated *37 in any way for maintaining his mother's home and farm as a condition of or in consideration for petitioner's living there while he was not on assignment for his employer. At most, petitioner showed that he contributed, at will, certain amounts for his mother's support. The amounts petitioner contributed were neither based upon nor commensurate with what his living expenses at Crossville would have been. Money petitioner gave his mother or spent on her behalf, without some evidence linking such expenditures to maintenance of the Crossville home and a requirement for him to do so, does not establish a duplication of petitioner's living expenses. Absent a showing that he incurred substantial and continuing living expenses in Crossville, petitioner failed to establish Crossville as his tax hom for purposes of section 162(a)(2). . The Court concludes that petitioner has not carried his burden of establishing that Crossville was his tax home during 1987. Accordingly, respondent's determination that he is not entitled to any of the travel expenses claimed under section 162(a)(2) is sustained. Decision will be entered *38 for respondent for the deficiency and for petitioner for the additions to tax.
Footnotes
1. All section references are to the Internal Revenue Code as amended and in effect for the year at issue. All Rule references are to the Tax Court Rules of Practice and Procedure.↩